# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

DANIEL J. FRANGIS,      )
                           )
         Plaintiff,     )
                           )
        v.         )     No. 2:11 CV 215
                           )
UNITED STATES OF AMERICA,   )
                           )
        Defendant.   )

## OPINION and ORDER

On June 1, 2011, plaintiff Daniel J. Frangis filed a *pro se* law suit in the Small

Claims Division of the Lake Superior Court in Crown Point, Indiana, against the United

States Post Office and Elizabeth Gamble, the manager of the Merrillville, Indiana, post

office. (DE # 1.) The United States was later substituted as the sole defendant in this

case in place of the United States Post Office and Gamble. (DE # 3.)[1] In his complaint,

---

[1]     The Federal Tort Claims Act provides that a suit against the United States shall be the exclusive remedy for persons with claims for damages against federal agencies allegedly resulting from the actions of federal employees taken within the scope of their office or employment. 28 U.S.C. § 2679(b)(1). Under 28 U.S.C. § 2679(d)(2), "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim . . . shall be deemed to be an action or proceeding brought against the United States . . . and the United States shall be substituted as the party defendant." Pursuant to 28 C.F.R § 15.4, the United States Attorney for the district where the civil action is brought is authorized to make the statutory certification that the federal employee was acting within the scope of her employment at the time of the incident. David Capp, United States Attorney for the Northern District of Indiana, has certified that at the time of the conduct alleged Elizabeth Gamble was acting within the scope of her employment. (DE # 3-1 at 2.) Accordingly, the United States has been substituted as the sole defendant in this case in place of defendants United States Postal Service and Elizabeth Gamble.

plaintiff alleged that he fell on ice that defendant failed to properly clear from the entryway to the Merrillville post office, which resulted in injuries, lost wages, and medical expenses. (*Id.*)

Defendant removed the case to this federal district court pursuant to 28 U.S.C. § 1442(a)(1), which provides that a civil action commenced in a state court against "[t]he United States or any agency thereof or any officer" may be removed by the defendant "to the district court of the United States for the district and division embracing the place wherein it is pending." (DE # 2.) Defendant has now moved to dismiss this case for lack of jurisdiction, arguing that because the state court in which plaintiff originally filed lacked jurisdiction over plaintiff's claim, this court also lacks jurisdiction. (DE # 8.) In response, plaintiff filed a *pro se* letter addressed to the undersigned, in which plaintiff states that he only filed his case in state court because "a federal lawyer" advised him to do so. (DE # 11.)

Defendant's argument has two parts. First, defendant argues that federal courts have exclusive jurisdiction over claims like plaintiff's. Defendant is correct. Pursuant to the Federal Tort Claims Act, United States District Courts "have exclusive jurisdiction of civil actions on claims against the United States for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission" of the United States and its agencies and employees. 28 U.S.C. § 1346(b)(1); *see* 28 U.S.C. § 2679. Thus, only a federal district court, not the state court in which plaintiff first filed this lawsuit, may possess proper jurisdiction over plaintiff's claim.

Second, defendant argues that, upon removal, this court only acquired the jurisdiction possessed by the court of origination – in this case, no jurisdiction at all. Defendant is again correct. The United States Supreme Court has held that "if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there." *Arizona v. Manypenny,* 451 U.S. 232, 243 n.17 (1981); *see also Edwards v. U.S. Dep't of Justice,* 43 F.3d 312, 316 (7th Cir. 1994); *Reid v. United States,* 715 F.2d 1148, 1153 (7th Cir. 1983). In other words, because the state court in which this case originated never had jurisdiction over plaintiff's claim to begin with, this court, which acquired this case through removal, also lacks jurisdiction. The fact that defendant was advised by an attorney to file in federal court does not change the fact that this court lacks jurisdiction to hear plaintiff's claim.

In sum, defendant's arguments are sound and warrant dismissal. Defendant's motion to dismiss for lack of jurisdiction (DE # 8) is **GRANTED**. There being no claims remaining against any defendants in this case, the clerk is directed to **ENTER FINAL JUDGMENT** as follows:

> Judgment is entered in favor of defendant United States of America, and against plaintiff Daniel L. Frangis, who shall take nothing by way of his complaint.

**SO ORDERED.**

Date: February 8, 2012

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT